# DOCKET NO.
# 11-2174-cr

_____

In the
## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

──────────────

UNITED STATES OF AMERICA,
Appellee,

-v-

FLAY ROOD,
Defendant-Appellant.

──────────────

ON APPEAL FROM  THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

## BRIEF ON APPEAL FOR DEFENDANT-APPELLANT
## FLAY ROOD

─────────────────────────────────────

Copies to:

RICHARD HARTUNIAN
United States Attorney
BRENDA K. SANNES
Assistant U.S. Attorney
PO Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198
(315) 448-0672

Respectfully submitted:

LISA A. PEEBLES
Federal Public Defender
JAMES P. EGAN, *on brief*
Research & Writing Attorney
MELISSA A. TUOHEY
Asst. Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . 2

WHETHER ROOD'S PRIOR OHIO CONVICTION FOR GROSS SEXUAL IMPOSITION–AN OFFENSE THAT LACKS A CRITICAL MENS REA ELEMENT AND PROSCRIBES A GREATER RANGE OF CONDUCT THAN ANY RELEVANT FEDERAL STATUTE–TRIGGERS APPLICATION OF THE MANDATORY LIFE SENTENCE PROVISION OF 18 U.S.C. § 3559(e).

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ROOD'S PRIOR CONVICTION DOES NOT QUALIFY AS A FEDERAL SEX OFFENSE AS DEFINED BY 18 U.S.C. § 3559(e)(1).

A.    Standard of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B.    Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    1.    The federal statutes contain two additional mens rea elements not present in the Ohio statute . . . . . . . . . . . . . . . . . . . . . . . 19

    2.    Because it covers a broader range of ages and areas than the relevant federal statutes, the Ohio statute is not congruent to any offense listed in Section 3559(e) . . . . . . . . . . . . . . . . . . . 24

i

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

# TABLE OF AUTHORITIES

CASES

*Almendarez–Torres v. United States*, 523 U.S. 224 (1998). . . . . . . . . . . . . . 28, 29

*Begay v. United States*, 553 U.S. 137 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Chambers v. United States*, 555 U.S. __, 129 S.Ct. 687 (2009). . . . . . . . . . . . 12, 25

*Corley v. United States*, 556 U.S. 303 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Forrest Grove School Dist. v. T.A.*, 556 U.S. __, 129 S.Ct. 2484 (2009). . . . . . . 20

*Johnson v. United States*, __ U.S. __, 130 S.Ct. 1265 (2010) . . . . . . . . . . . . . 12, 25

*Lopez v. Gonzalez*, 549 U.S. 47 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Nijhawan v. Holder*, 557 U.S. __, 129 S.Ct. 2294 (2009). . . . . . . . . . . . . . . . 12, 25

*Shepard v. United States*, 544 U.S. 13 (2005). . . . . . . . . . . . . . . . . . 12, 26, 28, 29

*State v. Mundy*, 99 Ohio App.3d 275 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Taylor v. United States*, 495 U.S. 575 (1990). . . . . . . . . . . . . . . . . . 12, 13, 25, 29

*United States v. Mills*, 570 F.3d 508 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . . . 12, 25

*United States v. Rosenbohm*, 564 F.3d 820 (7th Cir. 2009). . . . . . . . . . . . 14, 15, 16

*United States v. Sinerius*, 504 F.3d 737 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . 15

STATUTES

18 U.S.C. § 2241. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18 U.S.C. § 2244. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 16, 17, 22, 23

iii

18 U.S.C. § 2246. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 24

18 U.S.C. § 2251(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 7, 9, 10, 16

18 U.S.C. § 2252A.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3559. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

OHIO REV. CODE ANN. § 2907.01 . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 19, 20, 21

OHIO REV. CODE ANN. § 2907.05. . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**MISCELLANEOUS**

3 L. Sand, *et al.*, *Modern Federal Jury Instructions-Criminal* (2009).. . . . . . . . . 17

## JURISDICTIONAL STATEMENT

The United States District Court for the Northern District of New York had jurisdiction, pursuant to 18 U.S.C. § 3231, because this was a criminal case alleging violations of 18 U.S.C. §§ 2251(a), 2252A(a)(2)(A), § 2252A(a)(5)(B). (A. 16).[1] This appeal is taken from a judgment of conviction, imposed on May 19, 2010, by the Honorable David N. Hurd, United States District Court Judge for the Northern District of New York, and entered on May 26, 2010. (A. 158). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1291. Rood filed a timely notice of appeal on May 27, 2010. (A. 164).

---

[1] References to Appellant's Appendix ("A.") are to the page numbers inserted therein. References to entries in the district court docket ("Dkt. No.") are to the numbered docket entries.

1

## STATEMENT OF THE ISSUE PRESENTED

WHETHER ROOD'S PRIOR OHIO CONVICTION FOR GROSS SEXUAL IMPOSITION–AN OFFENSE THAT LACKS A CRITICAL MENS REA ELEMENT AND PROSCRIBES A GREATER RANGE OF CONDUCT THAN ANY RELEVANT FEDERAL STATUTE–TRIGGERS APPLICATION OF THE MANDATORY LIFE SENTENCE PROVISION OF 18 U.S.C. § 3559(e).

## STATEMENT OF THE CASE

On March 25, 2010, a grand jury returned a five-count indictment, charging Rood with violating 18 U.S.C. §§ 2251(a), 2252A(a)(2)(A), and 2252A(a)(5)(B). (A. 16). Shortly thereafter, the government filed a special information, asserting that Rood's prior alleged conviction in the State of Ohio triggered a mandatory life sentence of imprisonment under 18 U.S.C. § 3559(e). (A. 22). In response, Rood moved to strike or dismiss the special information, a motion the district court dismissed as premature. (A. 32; A. 76). He then pled guilty to all six counts charged in the indictment on December 23, 2010. (Dkt. No. 28). On May 19, 2011, the district court sentenced Rood to life imprisonment on Counts One through Three, fifteen years' imprisonment on Counts Four and Five, and ten years' imprisonment on Count Six, to run concurrently. (A. 159). After the written judgment was entered on May 26, 2011, Rood filed a timely notice of appeal on May 27, 2010. (A. 164).

## STATEMENT OF FACTS

Following the return of a six-count indictment charging three violations of 18 U.S.C. § 2251(a), two violations of 18 U.S.C. § 2252A(a)(2)(A), and one violation of 18 U.S.C. § 2252A(a)(5)(B), the government filed what it termed a "special information regarding prior conviction pursuant to 18 U.S.C. §§ 2251(e), 2252A(b)(1) and (b)(2), and 3559(e)." (A. 22). The information alleged that Rood entered a plea of guilty on February 1, 1991, in the Court of Common Pleas, Clark County Ohio, to the crime of Gross Sexual Imposition, in violation of OHIO REV. CODE ANN. § 2907.05. (A. 22). The government alleged that this conviction increased the punishment ranges under 18 U.S.C. §§ 2251(e), 2252A(b)(1), (b)(2), and 3359(e). (A. 23).

Rood challenged application of 18 U.S.C. § 3559(e) on three grounds. First, he contended that the federal offenses listed in Section 3359(e) contained a mens rea element not present in the predicate Ohio offense. (A. 40-42). Second, Rood argued that by reaching individuals 13 years of age or younger, the Ohio offense proscribed a greater swath of activity than any comparable federal offense listed in Section 3559(e). (A. 42-43). Third, he claimed that by criminalizing the touching of a greater range of areas, the Ohio offense was irreconcilably broader than any analogous federal statute. (A. 69). Contending that the Ohio offense of Gross Sexual

4

Imposition was not congruent with any of the federal offenses listed in Section 3559(e), Rood argued that the statutory life sentence required by Section 3559(e) was inapplicable.

The government countered otherwise. In doing so, the government promoted use of the so-called modified categorical approach. (A. 57-58). As to Rood's contention that the Ohio statute lacks a mens rea requirement present in the federal statute, the government responded that "[o]ne cannot *accidentally, ignorantly, or mistakenly* touch another's genitalia for the purpose or intent of sexual gratification." (A. 59). The government's answer to Rood's challenge to the difference in the age of the victim requirement rested solely on reference to the Municipal Court Statement, which contained the following statement: "[The] defendant did admit that he had taken down the pants and under ware [sic] of [redacted name] (2yrs. old), he then rubbed [redacted name's] penis while he had his own penis in his hand. This occured [sic] in a parked vehicle in front of his home at [redacted]." (A. 67).

In a reply memorandum, Rood rejoined that contrary to the government's assertion, the Ohio statute under consideration could be violated accidentally, ignorantly, or mistakenly, and illustrated this point through two hypothetical examples. (A. 71-72). Furthermore, Rood contended that the authorized documents stemming from his conviction in the Court of Common Pleas made no reference to

the age of the victim. (A. 72). In this connection, Rood challenged the government's reliance on the Municipal Court Statement to demonstrate the age of the victim. (A. 73-75).

In a written two-page Decision and Order, the district court denied Rood's motion without prejudice as premature, noting, however, that it "would be amenable to taking a plea with the defendant reserving the right to challenge the applicability of 18 U.S.C. § 3559(e) to his prior conviction of Gross Sexual Imposition." (A. 76-77). With this understanding in mind, Rood entered a guilty plea on December 22, 2010. (Dkt. No. 28).

The parties renewed their arguments to the application of Section 3559(e) in respective sentencing memoranda and at the sentencing hearing of May 19, 2011. Prior to hearing from the parties at sentencing, the court provided the following summary of the issue:

> January 10, 1991, when he was age thirty-seven, the gross sex imposition, third degree felony, Springfield, Ohio. And according to the court records, on January 6, 1991, the defendant admitted to taking done [sic] his two-year-old son's pants and underwear and rubbing his son's penis while he had his own penis in his hand. This occurred in a parked vehicle in front of his residence.

> According to police and court records, the mother of the child, Cheryl Cornell, reported that she and the defendant had been out drinking, and they came home around 3:00 a.m. with their two children. The defendant told her to go into the house, and he would bring their

6

two-year-old son inside. After some time, she went back to the car and saw the defendant with his pants unzipped and his penis in his hand, and the child lying next to him with his pants pulled down. She took the child into the house and checked his butt and penis, but found nothing unusual. She asked him if Daddy touched him, and he stated, "Daddy played with my dink-dink."

(A. 146-47).

After hearing the parties repeat their respective positions, the court provided the following explanation for its decision to apply Section 3559(e):

> A defendant is subject to enhanced penalties if he has a prior conviction relating to the aggravated sexual abuse, sexual abuse or abuse of sexual conduct involving a minor. Pursuant to 18 U.S.C. 3559(e)(1): "A person who is convicted of a federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed."

> The defendant attorney, in a very imaginative argument, argues that unlike federal law, the touch of a minor would be a crime under -- the accidental touching of a minor would be a crime under the Ohio statutes, and defense counsel provides some examples which I compliment her on using her ingenuity to do so.

> However, the Ohio statute is -- does not penalize the accidental touching of a minor and, therefore, it is the same as the Federal Statute 2251. As set forth in the Ohio statute, it says: "Sexual conduct means any touching of the erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person 15 is a female, a breast, for the purpose of sexually arousing or gratifying either person."

> And then it is important to note that the Ohio Code goes on to state: "A person acts purposely when it is his specific intention to cause

a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

Therefore, I find that the defendant's prior conviction as set forth in Paragraph 86 of the Presentence Report is a violation of Ohio Code 2907.05 and is a state sex offense. It is a prior conviction with a minor, which a minor is a victim under Section 3559(e)(2)(c). The defendant's convictions in which he pled guilty under Counts 1 through 3 are also convictions of federal sex offenses under 18 U.S.C. 3559(e)(1).

Therefore, I find that the mandatory minimum applies. For the record, pursuant to U.S.S.G. 5, a base offense level of forty-three, with a criminal history category of five, the guideline range of imprisonment is life imprisonment.

(A. 150-52).

Accordingly, the district court imposed a life term of imprisonment on Counts One, Two, and Three, a fifteen-year term of imprisonment on Counts Four and Five, and a ten-year term of imprisonment on Count Six, all to be served concurrently. (A. 159).

Rood filed a timely notice of appeal on May 27, 2011. (A. 164).

## SUMMARY OF THE ARGUMENT

The issue on appeal pertains solely to whether Rood's prior conviction in the State of Ohio for Gross Sexual Imposition triggers the mandatory life sentence contained in 18 U.S.C. § 3559(e) for his instant conviction under 18 U.S.C. § 2251(a). Because the Ohio statute lacks two necessary mens rea elements and proscribes a broader range of conduct relating to both the age of the victim and the prohibited areas than either relevant federal statute, Rood is not subject to a life sentence. Therefore, this Court should vacate the judgment of the district court and remand for resentencing.

## ARGUMENT AND AUTHORITIES

## ROOD'S PRIOR CONVICTION DOES NOT QUALIFY AS A FEDERAL SEX OFFENSE AS DEFINED BY 18 U.S.C. § 3559(e)(1).

### A.    Standard of review

This Court reviews constitutional and statutory questions *de novo*.  *See United States v. Gravel*, 645 F.3d 549 (2d Cir. 2011).

### B.    Discussion

18 U.S.C. § 3559(e)(1) requires a person convicted of a "federal sex offense in which a minor is the victim" to be sentenced to life imprisonment "if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed." A "prior sex conviction" is defined as "a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense." 18 U.S.C. § 3559(e)(2)(C). A "federal sex offense" is defined as "an offense under Section 1591 (relating to sex trafficking of children), 2241 (relating to aggravated sexual abuse), 2242 (relating to sexual abuse), 2244(a)(1) (relating to abusive sexual contact), 2245 (relating to sexual abuse relating in death), 2251 (relating to sexual exploitation of children), 2251A (relating to selling or buying of children), 2422(b) (relating to coercion and enticement of a minor into prostitution), or 2423(a) (relating

10

to transportation of minors)." 18 U.S.C. § 3559(e)(2)(A). A "State sex offense" is defined as "an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense if" the offense either (1) "involved interstate or foreign commerce" or (2) occurred in federal jurisdiction. 18 U.S.C. § 3559(e)(2)(B).

Rood's prior conviction in Ohio for Gross Sexual Imposition is not equivalent to any offense listed in subsection (e)(2)(A). In relevant part, Section 2907.05 of the Ohio Revised Code applicable at the time of Rood's offense provided as follows:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> * * *
>
> (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of such person.
>
> (B) Whoever violates this section is guilty of gross sexual imposition. Violation of division (A)(1), (2), or (3) of this section is a felony of the fourth degree. Violation of division (A)(4) of this section is a felony of the third degree.

OHIO REV. CODE ANN. § 2907.05 (west 1990).

Pursuant to the version of Section 2907.01 applicable at the time of Rood's conviction, "sexual contact" was defined as "any touching of an erogenous zone of

11

another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." OHIO REV. CODE ANN. § 2907.01 (West 1990). Both the federal indictment and the special information indicate the government's belief that Rood was convicted under subsection (A)(4). (A. 39). The judgment entry of conviction also indicates that Rood was convicted of Gross Sexual Imposition, a felony of the third degree, which only applies to subsection (A)(4), pursuant to subsection (B) of Section 2907.05. (A. 29).

Although this is an issue of first impression in this Court, because there is no question as to which provision of the Ohio statute Rood was convicted, this Court must employ a categorical approach in determining whether his predicate offense is equivalent to the specific statutory provisions listed in § 3559(e).[2] *See generally*

---

[2] Both this Court and the Supreme Court have held that the so-called modified categorical approach, which permits review of certain limited documents associated with the prior conviction, may only used to determine which of several provisions of a statute the defendant was convicted, *i.e.*, in cases involving divisible statutes. *See Johnson v. United States*, __ U.S. __, 130 S.Ct. 1265, 1273 (2010) ("When the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the "'modified categorical approach'" that we have approved, *Nijhawan v. Holder*, 557 U.S. __, __, 129 S.Ct. 2294, 2302 (2009), permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record-including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." (citing *Chambers v. United States*, 555 U.S. __,__ , 129 S.Ct. 687, 691 (2009); *Shepard v. United States*, 544 U.S. 13, 26 (2005) (plurality opinion); *Taylor v. United States*, 495 U.S. 575, 602 (1990)); *United States v. Mills*, 570 F.3d 508, 511 (2d Cir. 2009). Thus, the modified categorical approach is not applied here and, in any event, could only be used to determine what is obvious:

12

*Taylor v. United States*, 495 U.S. 575 (1990) (holding that the categorical approach must be applied in determining whether a defendant's prior offense constitutes a violent felony or serious drug offense under the Armed Career Criminal Act). Applying the categorical approach, a trial court must "look only to the fact of conviction and the statutory definition of the prior crime." *Id*. at 602; *see also Lopez v. Gonzalez*, 549 U.S. 47 (2006) (applying a categorical approach to the application of the aggravated felony provision under the Immigration & Nationality Act); *Begay v. United States*, 553 U.S. 137, 141 (2008) ("In determining whether this crime is a violent felony, we consider the offense generally, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.").

The same reasons the Supreme Court relied on to apply a categorical approach to the Armed Career Criminal Act ("ACCA") in *Taylor* also support application of that approach to Section 3559(e). First, as in *Taylor*, a "State sex offense" is predicated on the definition of "prior sex conviction," as defined in subsection (e)(2)(C), which requires a *conviction*. *Cf. Taylor*, 495 U.S. at 600 (quoting 18 U.S.C. § 924(e)). Importantly, Congress did not predicate 3559(e) on a prior sex offense. Second, like the definitions of violent felony and serious drug offense under

---

Rood was convicted under subsection(a)(4) of OHIO REV. CODE ANN.§2907.05.

13

ACCA, in which Congress used the construction "offenses . . . involving," Congress used a similar construction in subsection (e)(2)(B), in which the mandatory life sentence is predicated on "an offense . . . that . . . consists of conduct that would be a Federal sex offense . . . ." *Id*. at 601. Unlike ACCA, the legislative history concerning 3559(e) does not reveal Congress's intent as to the approach courts should take in applying the provision. However, similar to ACCA, applying a factual approach to 3559(e) would present serious fairness and administrative problems, including trials on trials and concerns about a defendant's Sixth Amendment right to a jury trial. *Id*. at 602.[3]

That a categorical approach should be employed is also clear when examining the entire statutory language of Section 3559(e) both by itself and in comparison to the language found in Chapter 110. In *United States v. Rosenbohm*, 564 F.3d 820 (7th Cir. 2009), the Seventh Circuit held that "[t]he plain meaning of [3559(e)'s] language is that a qualifying state conviction must have been based on conduct that–although lacking a federal nexus–would have constituted a "Federal sex offense" had such a federal nexus existed." *Id*. at 823. In this way, the *Rosenbohm* Court held that by permitting a sentencing court to assume the jurisdictional element of each listed offense in Section 3559(e), Congress required the remaining elements to be

---

[3] It is worth noting that the government did not promote use of a factual approach below.

14

congruent. *Id*. That is, the predicate offense must only encompass conduct that would have constituted a federal offense had the jurisdictional element been met.

What is more, the language used by Congress in 3559(e) is distinguishable from the language found in the enhancement provisions of Chapter 110. For example, Section 2251 increases a defendant's sentence if he has one prior conviction under the laws of any state "relating to" sexual abuse and the like. As at least two circuit courts have held, by using the phrase "relating to," Congress intended to apply the enhancement provisions of Chapter 110 broadly and did not intend to limit its application to prior convictions that meet the federal definition of "sexual abuse," for example, as defined in Section 2242. *See United States v. Sinerius*, 504 F.3d 737 (9th Cir. 2007); *Rosenbohm*, 564 F.3d at 823. In so holding, however, these courts have contrasted Chapter 110 enhancements with Section 3559(e), which like Section 2241(c), increases a sentence if the state offense would have been a federal offense if federal jurisdiction had been satisfied. *Id*. These courts have noted that, unlike the Chapter 110 enhancements, Section 3359(e)(b)(2)(B) requires the elements of a state offense to be congruent with the listed federal offenses in subsection (e)(b)(2)(A). *See Sinerius*, 504 F.3d at 744 (noting that 18 U.S.C. § 2241(c), like Section 3559(e), "expressly requires that a state predicate offense include all the elements of a corresponding federal crime . . . .") (citing *United States v. Etimani*, 328 F.3d 493

15

(9th Cir. 2003)); *Rosenbohm*, 564 F.3d at 823 ("By [Section 3559(e)'s] clear language, Congress intended that a prior state conviction must be congruent to one of several specific, enumerated federal offenses before triggering a mandatory life sentence."). To be congruent, the state sex offense must contain elements equivalent to those present in the relevant federal statutes. *Id.*

Because the Ohio statute does not contain all the elements of the analogous federal offenses and proscribes a broader range of conduct, Rood's prior Ohio conviction does not trigger a mandatory life sentence. The closest federal analogues are 18 U.S.C. § 2241(c) and 18 U.S.C. § 2244(a)(5).[4] To obtain a conviction under 2241(c), the government must prove the following elements:

First, that the defendant caused [the victim] to engage in a sexual act .

---

[4] 18 U.S.C. § 1591 is easily distinguishable because it requires proof that the defendant knew, or had reckless disregard for the fact, that means of force would be used to cause the victim to engage in a commercial sex act, which is obviously not present in Section 2907.05. Section 2241(a) requires force or the threat of force, and Section 2241(b) requires proof that the defendant rendered the victim unconscious or administered by force a drug to impair the victim's ability to apprise or control conduct and then engaged in a sexual act with the victim, neither of which is found in Section 2907.05. Section 2242 requires proof of the same. Section 2244(a)(1) is predicated on subsections (a) and (b) of Section 2241, neither of which apply because each requires either force or conduct that renders the victim unconscious or impaired. Section 2245 requires the offense to result in death, which is not present under 2907.05. Section 2251 requires proof that the defendant acted for the purpose of producing images of the abuse, Section 2251A requires proof that the defendant sold or transferred a child over whom he had custody, Section 2422(b) requires use of a facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce an individual to engage in illegal sexual activity, and Section 2423(a) requires the government to prove that the defendant transported a minor across state lines to engage in illegal sexual activity, none of which are required under the Ohio Gross Sexual Imposition statute.

. . ;

Second, that the defendant acted knowingly in causing [the victim] to engage in that sexual act;

Third, that [the victim] was less than twelve years old at the time of the acts alleged in the indictment; and

Fourth, [the offense satisfies a jurisdictional element.]

3 L. Sand, *et al.*, *Modern Federal Jury Instructions-Criminal* ¶ 61-8, p. 61-19 (2009).

As relevant here, "sexual act" is defined as "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D). The elements of 18 U.S.C. § 2244(a)(5) have one meaningful distinction.[5]  Section 2244(a)(5) covers "sexual contact," which in 18 U.S.C. § 2246(3) is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."  The following table compares the

---

[5]  The jurisdictional nexus of 18 U.S.C. § 2244 is also more limited.  The provision of Section 2241(c) provides two alternate jurisdictional grounds for prosecution: the offense occurred in the special maritime and territorial jurisdiction or that the defendant crossed a state line.  Section 2244 is limited to the first of these.  Because Section 3559(e) requires a court to assume the satisfaction of the jurisdictional element, this distinction is meaningless here.

combined elements of the federal statutes under consideration with the Ohio Gross

Sexual Imposition statute, with differences indicated in italics:

| Federal Statutes | Ohio Statute |
|---|---|
| (1) the defendant *knowingly* touched | (1) the defendant touched |
| (2) a prohibited area<br><br>**sexual act**: genitalia not through the clothing<br>**sexual contact**: genitalia, anus, groin, breast, *inner thigh*, or buttocks | (2) a prohibited area<br><br>(erogenous zone of another, including *without limitation* the *thigh*, genitals, buttock, pubic region, or, if the person is a female, a breast) |
| (3) of a minor under *12 years old*; and | (3) of a minor under *13 years of age*; and |
| (4) the touching was done *intentionally* with an intent to arouse. | (4) the touching was done with the purpose to arouse. |

As this table makes plain, the Ohio statute captures a broader range of conduct

than the relevant federal statutes. First, it contains only one mens rea element,

whereas the relevant federal statutes contain three. Second, unlike the federal statutes

that are limited to six areas, the prohibited areas in the Ohio statute are expressly

unlimited: "erogenous zone of another, including without limitation." Third, the Ohio

statute is applied to the touching of minors under the age of 13 years, while the

relevant federal statutes are limited to the touching of minors under 12 years of age.

Because it proscribes a greater array of activity than the federal statutes, the Ohio

Gross Sexual Imposition statute is not equivalent to any federal sex offense listed in

18

18 U.S.C. § 3559(e).

### 1. The federal statutes contain two additional mens rea elements not present in the Ohio statute.

Section 2241(c) requires the government to prove that a defendant intentionally touched a child under 12, that he did so with the intent to arouse the child, and that he did all of these acts knowingly. Gross sexual imposition, on the other hand, merely requires the prosecution to prove that a defendant touched a child under 13, whether intentionally or unintentionally, and that the defendant did so "for the purpose of sexually arousing or gratifying either person." Ohio. Rev. Code § 2907.01(B). Accordingly, the federal statute contains two mens rea elements not present in the Ohio statute.

The government claimed below that this contention is based on a "minute analysis" that is "implausible and absurd." According to the government, because the Ohio statute requires proof that the defendant touched a child for the purpose of arousal, he necessarily must have intentionally touched the child. Put somewhat differently, the government contended that a defendant cannot accidently, ignorantly, or mistakenly touch a child for the purpose of arousal. Working backwards in this fashion, the government concluded that the elemental disparity between Ohio and federal law is a distinction without a difference. The district court effectively adopted

19

this analysis at sentencing, concluding that the Ohio statute "does not penalize the accidental touching of a minor," because it contains a mens rea element requiring proof that the defendant acted for the purpose of sexually arousing or gratifying either person. (A. 151). The district court then referenced a provision of the Ohio Code defining the definition of purposely:

> A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.

(A. 151) (quoting Ohio Rev.Code §2907.01(B)).

This analysis suffers from several errors. First, it ignores a rule of statutory interpretation requiring statutes to be "construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . ." *Forrest Grove School Dist. v. T.A.*, 556 U.S. __, __, 129 S.Ct. 2484, 2499 (2009) (quoting *Corley v. United States,* 556 U.S. 303, __, 129 S.Ct. 1558, 1560 (2009)). The district court's analysis effectively reads out two of the three mens rea elements present in the federal offenses. Second, as will be detailed more fully below, the district court completely ignored Rood's arguments concerning the differences between the age of the minor and the prohibited areas proscribed by the separate statutes. Third, the district court mistakenly applied a modified categorical approach

20

and relied on documents not even authorized under that approach. Finally, the district court focused exclusively on Rood's argument that the Ohio statute proscribes accidental touching. In full, however, Rood argued that the Ohio statute was broader because it criminalized the accidental, mistaken, and ignorant touching of a minor.

The lack of an additional mens rea element under the Ohio statute renders it incongruent with the relevant federal statutes listed in Section 3559(e). The relevant federal statutes contain a mens rea requirement that attaches to the touching of a child (the intentional touching) and to the result of touching a child (with the intent to arouse). By contrast, the Ohio statute contains only one mens rea element, which attaches to the result of the touching (with the purpose to arouse). Thus, pursuant to the Ohio statute, while the "sexual contact" must be for the purpose of sexually arousing or gratifying, the act of committing the contact need not be done with any mens rea. In decisive contrast to the relevant federal statutes, an individual may be convicted under the Ohio statute for accidentally, mistakenly, or ignorantly touching a child for the purpose of arousal.[6]

---

[6] *State v. Mundy*, 99 Ohio App.3d 275 (1994), cited by the government below does not alter this conclusion. *Mundy* merely upheld the Ohio statute against a challenge for void for vagueness. According to the *Mundy* Court, "in proving the violations of R.C. 2907.05(A)(4) in this case, it was incumbent upon the state to prove not only that [the defendant] touched a person less than thirteen years of age or caused a person under age thirteen to touch him on the proscribed parts of the body listed in R.C. 2907.01(B), including the genitals and in the case of a female the breasts, but also that [the defendant] committed these acts for the specific purpose or intention of sexually arousing or gratifying either himself or the victim." *Id*. at 287. This

21

In attempting to avoid this conclusion, the government improperly conflates distinct elements under the Ohio statute. As noted above, the government argued at sentencing that Rood's attempt to distinguish the separate elements constituted a "minute analysis" that leads to an "implausible and absurd" result. According to the government, a defendant cannot accidently, ignorantly, or mistakenly touch a child for the purpose of arousal.

There are many ways in which a person may accidently, ignorantly, or mistakenly touch a child for the purpose of arousal. While not exhaustive, two examples suffice to demonstrate this point. After washing up in his bathroom, a married male defendant may return to his dark bedroom, where he anticipates finding his wife waiting for him. Wishing to engage his wife in a romantic encounter, he may reach over to touch her for the purpose of arousal, only to find that he has accidentally and mistakenly touched the genitalia of his child, who, suffering from nightmares, has, unbeknownst to the defendant, entered the bed to sleep with the parents. That defendant has committed Gross Sexual Imposition, but he has not committed an offense under Sections 2241(c) and 2244(a)(5). Another defendant may be engaging a child in horseplay. Although the defendant may touch the child in non-

---

language merely lays bare what was already apparent from the face of the statute: the result of the touching of a child must have been done with the requisite mens rea.

prohibited areas, he may be doing so for the purpose of arousal. For example, he may tickle a female child's shoulders and back, both non-prohibit areas, and he may be doing this for his own arousal. While perhaps objectionable, his conduct to that point does not constitute the offense of Gross Sexual Imposition or an offense under Sections 2241(c) or 2244(a)(5). As he continues to engage in horseplay, the child may twist and the defendant may accidently and mistakenly touch the child's breast. That defendant has committed Gross Sexual Imposition, but he has not committed an offense under Sections 2241(c) and 2244(a)(5). Because Rood could have committed Gross Sexual Imposition, but not an offense under Sections 2241(c) or 2244(a)(5), he is not subject to the increased penalties under Section 3559(e).

That the Ohio statute under which Rood was convicted covers accidental and mistaken touching is also demonstrated by a more recent provision added to the statute. The Ohio legislature amended the Ohio Gross Sexual Imposition statute in 2006 to include the *mens rea* element found in the federal statute: "No person shall *knowingly touch* the genitalia of another, when the touching is not through clothing, the other person is less than twelve years of age, whether or not the offender knows the age of that person, and the touching is done with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." OHIO REV. CODE § 2907.05 (emphasis added). In fact, it appears the Ohio legislature used the

23

exact language found in 18 U.S.C. § 2246(2)(D) that defines "sexual act" in an attempt to conform OHIO REV. CODE ANN. § 2907.05 with 18 U.S.C. 3559(e).

> **2.** **Because it covers a broader range of ages and areas than the relevant federal statutes, the Ohio statute is not congruent to any offense listed in Section 3559(e).**

In addition to covering the accidental, mistaken, and ignorant touching of a minor, the Ohio offense of Gross Sexual Imposition is also broader than the relevant federal statutes in two critical ways. First, it applies to the touching of a child less than 13 years old, while the federal offenses apply only to the touching of a minor less than 12 years of age. Second, the Ohio statute applies to the touching of the erogenous zone without further limitation, while the federal offenses apply only to the six specifically enumerated areas: genitalia, anus, groin, breast, inner thigh, or buttocks. Thus, assuming that all other listed areas are co-extensive, and putting aside the fact that the Ohio statute is expressly unlimited, a person can be convicted under the Ohio statute of touching the thigh of a minor, while a person can only be convicted under the relevant federal statutes of touching the inner thigh. The two statutes, therefore, are plainly incongruent.

The only way the prior offense could be made to fit within the limits of the relevant federal statutes is if the Ohio statute could be artificially narrowed by focusing on the particular factual details of the predicate offense. As noted above,

however, the Supreme Court has expressly rejected a factual approach when determining whether a predicate offense criminalizes conduct proscribed by the relevant federal statute. The modified categorical approach also fails. As both the Supreme Court and this Court have observed, a modified categorical approach is only used to identify under which one of several provisions a defendant was convicted when the predicate is a divisible statute. *Johnson v. United States*, __ U.S. __, 130 S.Ct. 1265, 1273 (2010); *Nijhawan v. Holder*, 557 U.S. __, __, 129 S.Ct. 2294, 2302 (2009); *Chambers v. United States*, 555 U.S. __,__ , 129 S.Ct. 687, 691 (2009); *Shepard v. United States*, 544 U.S. 13, 16 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990); *United States v. Mills*, 570 F.3d 508, 511 (2d Cir. 2009). In this case, the modified categorical approach could only be used to determine under which of the four separate subsections of Section 2907.05 Rood was convicted. The modified categorical approach cannot be used to further narrow a predicate conviction proscribing a broader array of conduct.

Even if the modified categorical approach could be used to further narrow the Ohio statute, the authorized documents under the modified categorical approach do not accomplish that end. When employing the modified categorical approach to a predicate resulting from an alleged guilty plea, a reviewing court may only consider the charging document, written plea agreement, plea colloquy and any factfinding

25

made by the court to which the defendant assented. *See*, *e.g.*, *Shepard*, 544 U.S. at 16. In an attempt to force Rood's alleged prior conviction within the scope of 2241(c), the government offered several documents from the Court of Common Pleas, the court in which Rood was allegedly convicted: a charging document (Bill of Information), waiver of indictment, a judgment entry of conviction, and the regulations of probation. (A. 25-31). There is nothing in these documents that would indicate either the specific location or the exact age of the child Rood touched. Instead, the documents merely track the statutory language, stating that Rood "did have sexual contact with another, not his spouse, and the other person involved being less than thirteen years of age." (A. 25).

Recognizing the lack of any factual detail in the Court of Common Pleas documents that might serve to narrow the Ohio conviction, the government below offered a Municipal Court Statement–dated January 10, 1991 and alleging an offense January 6, 1991–and an affidavit by Stan N. Erter, an Investigator with the Clark County Prosecuting Attorney's Office. (A. 65-67). Rood offered several objections to the government's reliance on these documents, all of which he renews here.

First, as Rood explained below, the Municipal Court of Springfield, Ohio, merely has jurisdiction to conduct preliminary hearings in felony cases. Rood was formally charged and convicted in the Ohio Court of Common Pleas in Clark County.

26

Thus, the Bill of Information filed in the Court of Common Pleas is the charging instrument and it, not the Municipal Court Statement, is the *Shepard* approved document.

Second, at the most basic level, there is nothing connecting the Municipal Court Statement to the documents filed in the Court of Common Pleas. The two sets of court documents neither reference or incorporate each other. Thus, while the two documents charge an offense under the same statutory provision and allege that the offenses occurred on the same date, there is nothing in the respective sets of court documents that indicates that the two offenses charge the same conduct.

Third, as Rood noted below, the affidavit of Investigator Erter does nothing to overcome this failure and any reliance placed upon it is otherwise improper. Most immediately problematic, it was offered by the Prosecuting Attorney's Office, not an employee from the Ohio Court system. Further confusing the document's significance, it was offered by an investigator with the Clark County Prosecuting Attorney's Office, not an attorney. Even further, Investigator Erter has only been employed as such since November 22, 2003; Rood was arrested on January 10, 1991, entered a guilty plea on February 1, 1991, and the judgment of conviction was apparently entered on March 13, 1991. (A. 25-30). Whatever Investigator Erter's understanding of a Municipal Court Statement may be currently, it has little bearing

27

on the document's significance at the time of Rood's arrest and conviction. Additionally, as explained above, Investigator Erter's claim that the Municipal Court Statement is a charging instrument is plainly inaccurate. Contrary to Investigator Erter's claim, the Bill of Information filed in the Court of Common Pleas is the charging document.

Any attempt to rely on alleged factual details surrounding Rood's prior conviction would violate his Sixth Amendment right to a jury trial. The Sixth Amendment guarantees the right of a criminal defendant to have any fact that increases the statutory maximum sentence submitted to a jury and proved beyond a reasonable doubt. *Apprendi,* 530 U.S. 466, 490 (2000). Before announcing this rule, however, the Supreme Court held in *Almendarez–Torres v. United States,* 523 U.S. 224 (1998), that the fact of a prior conviction was a sentencing factor, rather than an element, and therefore did not have to be alleged in an indictment or proved to a jury. *See id.* at 226–27. To preserve *Almendarez–Torres, Apprendi* retained one "narrow exception" to the general Sixth Amendment rule, holding that "the fact of a prior conviction" is not subject to the same constitutional safeguards that apply to other facts that increase a sentencing range. *Apprendi*, 530 U.S. at 490. Accordingly, the modified categorical approach may be used to increase the maximum sentence only when a court uses the fact of the prior conviction. As the Court held in *Shepard*, facts

28

*about* a prior conviction, however, would exceed the limited exception permitted under *Almendarez-Torres*. *See Shepard*, 544 U.S. at 24 ("'If the sentencing court were to conclude, from its own review of the record, that the defendant [who was convicted under a nongeneric burglary statute] actually committed a generic burglary, could the defendant challenge this conclusion as abridging his right to a jury trial?'") (quoting *Taylor*, 495 U.S. at 601). To avoid serious risks of unconstitutionality, the *Shepard* Court determined that the modified categorical approach should not extend to judicial factfinding concerning the nature of the prior conviction. Any attempt to base application of the mandatory life sentence under Section 3559(e) on facts presented in either the Municipal Court Statement or associated police reports would unconstitutionally tip the balance struck by the Supreme Court in *Shepard*.

Because Rood's prior conviction for Gross Sexual Imposition is not equivalent to any offense listed in 18 U.S.C. § 3559(e), this Court should find that the district court's imposition of a life sentence exceeded the maximum authorized punishment.

**CONCLUSION**

Based on the foregoing reasons, this Court should vacate the judgment of the district court and remand for resentencing.

DATED:    October 4, 2011                    Respectfully submitted,

Lisa A. Peebles
Federal Public Defender

*/s/*
Melissa A. Tuohey
Assistant Federal Public Defender
James P. Egan, *on brief*
Research & Writing Attorney
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080
(315) 701-0081 (*fax*)

## CERTIFICATE OF COMPLIANCE

Pursuant to 2ND CIR. R. 32 (a)(7), undersigned counsel certifies that this brief complies with the type-volume limitations, typeface requirements and type style requirements of Fed. R. App. P. 32 (a)(7).

1.      This brief contains 6,897 words within the type volume limitation of Fed. R. App. P. 32 (a)(7)(B) exclusive of the portions exempted by Fed. R. App. P. 32 (a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because it has been prepared in proportionally spaced typeface using Corel WordPerfect 12.0 software in Times New Roman, 14 point font in text and Times New Roman 12 point font in footnotes.

3.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Fed. R. App. P. 32 (a)(7), may result in the Court striking this brief and imposing sanctions against the person using the brief.

/s/
MELISSA A. TUOHEY
Federal Public Defender

## CERTIFICATE OF SERVICE

I, Valarie Bruni, certify that today, October 4, 2011, one copy of the Appellant's Brief was served upon Mr. Richard Hartunian, United States Attorney, through Brenda Sannes, Assistant United States Attorney, 100 South Clinton Street, Syracuse, New York 13261, by hand delivery.


*/s/*
Valarie Bruni