# 11-2174

*To be Argued by:* PAUL D. SILVER

## United States Court of Appeals

### FOR THE SECOND CIRCUIT
### Docket No. 11-2174

UNITED STATES OF AMERICA,
*Appellee,*

v.

FLAY ROOD, aka FLAY B. ROOD,
*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

## BRIEF FOR APPELLEE UNITED STATES OF AMERICA

RICHARD S. HARTUNIAN
*United States Attorney*
  *for the Northern District of*
  *New York*
445 Broadway
Albany, NY 12207
Tel.: 518-431-0247
email: paul.silver@usdoj.gov

PAUL D. SILVER
LISA M. FLETCHER
*Assistant United States Attorneys*
  *Of Counsel*

## TABLE OF CONTENTS

PAGE

STATEMENT OF THE ISSUE PRESENTED. . . . . . . . . . .   1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . .   1

STATEMENT OF FACTS

    1. Offense Conduct. . . . . . . . . . . . . . . . . . . . .   4

    2. Rood's Motion To Strike Allegation
       Of Prior Sex Conviction. . . . . . . . . . . . . . .   7

    3. Government's Opposition to Rood's Motion.   9

    4. Sentencing Proceedings. . . . . . . . . . . . . .   11

       (i) Probation Office Guidelines Calculation
          and Determination of Statutory Penalties. 11

       (ii) Sentencing. . . . . . . . . . . . . . . . . . . .   12

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . .   15

ARGUMENT

    The District Court Did Not Err In Utilizing A
Modified Categorical Approach To Determine
Whether Rood's 1991 Conviction Under Ohio
Law For Gross Sexual Imposition Qualified As
A Prior Sex Conviction Under 18 U.S.C. §
3559(e), And Did Not Clearly Err In

Determining That The Facts Underlying Rood's
1991 Conviction Did So Qualify.... . . . . . . . . . .  15

A.  Standard of Review.. . . . . . . . . . . . . . . . . .  15

B.  Governing Law. . . . . . . . . . . . . . . . . . . . .  17

C.  Relevant Statutes.. . . . . . . . . . . . . . . . . . .  19

D.  Discussion.. . . . . . . . . . . . . . . . . . . . . . . .  25

CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . .  34

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Apprendi v. New Jersey*,
  530 U.S. 466 (2000). . . . . . . . . . . . . . . . . . . . . . . 30

*James v. United States*,
  550 U.S. 192 (2007). . . . . . . . . . . . . . . . . . . . . . . 28

*Nijhawan v. Holder*,
  557 U.S. 29, 129 S. Ct. 2294 (2009). . . . . . . . . . 19

*Oouch v. United States Department
  of Homeland Security*,
   633 F.3d 119 (2d Cir. 2011). . . . . . . . . . . . . . . 28

*Puckett v. United States*,
  556 U.S. 129, 129 S. Ct. 1423 (2009). . . . . . . . . 16

*Shepard v. United States*,
    544 U.S. 13 (2005). . . . . . . . . . . . . . . . . . . . . 16, 18

*Taylor v. United States*,
    495 U.S. 575 (1990). . . . . . . . . . . . . . . . 7, 17, 25

*United States v. Bonilla*,
    618 F.3d 102 (2d Cir. 2010),
    *cert. denied*, __U.S.__,131 S. Ct. 1698 (2011). . 16

*United States v. Brown*,
    629 F.3d 290 (2d Cir. 2011). . . . . . . . . . . . . . . 16

*United States v. Daranda*,
    405 Fed. Appx. 834, 839 (5th Cir. 2010),
    *cert. denied*, __U.S. __, 131 S. Ct. 2166 (2011). 32

*United States v Doss*,
    630 F.3d 1181 (9th Cir. 2011). . . . . . . . . 19, 29, 30

*United States v. Johnson*,
    616 F.3d 85 (2d Cir. 2010), *cert. denied*,
    *sub nom*. *Derby v. United States*, __U.S.__,
    131 S. Ct. 2858 (2011). . . . . . . . . . . . . . . . . . . 28

*United States v. Marcus*,
    __ U.S. __, 130 S. Ct. 2159 (2010). . . . . . . . . . . 16

*United States v. Rosa*,
    507 F.3d 142 (2d Cir. 2007).. . . . . . . . . . . . . . . 16

iii

*United States v. Walker*,
   595 F.3d 441 (2d Cir. 2010). . . . . . . . . . . . . . . 9, 18

**STATE CASE**

*State v. Dunlap*,
   129 Ohio St. 3d 461,
   953 N.E.2d 816 (2011). . . . . . . . . . . . . . . . 26, 28

**FEDERAL STATUTES, RULES, AND
SENTENCING GUIDELINES**

8 U.S.C. § 1101(a)(43)(M)(i).. . . . . . . . . . . . . . . . . 19

18 U.S.C. § 2241(c). . . . . . . . . . . . . . . . . . . . . . .  passim

18 U.S.C. § 2242(2)(A). . . . . . . . . . . . . . . . 15, 23, 33

18 U.S.C. § 2244(a)(5).. . . . . . . . . . . . . . . . . . . . 32

18 U.S.C. § 2246(2)(D). . . . . . . . . . . . . . . . . 8, 23, 33

18 U.S.C. § 2251. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2251(e). . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2252A(a)(2)(A). . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2252A(a)(5)(B). . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 2252A(b)(1). . . . . . . . . . . . . . . . . . . . . . 2

iv

18 U.S.C. § 2252A(b)(2). . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3559(e). . . . . . . . . . . . . . . . . . . . . . passim

18 U.S.C. § 3559(e)(1). . . . . . . . . . . . . . . . . . . . . 29

18 U.S.C. § 3559(e)(2)(D). . . . . . . . . . . . 13, 19, 29, 30

18 U.S.C. § 924(e). . . . . . . . . . . . . . . . . . . . . . . 7, 17

Fed. R. Crim. P. 11(a)(2). . . . . . . . . . . . . . . . . . . . 3

U.S.S.G. § 3D1.2. . . . . . . . . . . . . . . . . . . . . . . . . 11

U.S.S.G. § 3D1.2(d). . . . . . . . . . . . . . . . . . . . . . . 11

U.S.S.G. § 4B1.2(a). . . . . . . . . . . . . . . . . . . . . . . 19

U.S.S.G. § 4B1.5. . . . . . . . . . . . . . . . . . . . . . . . . 12

U.S.S.G. § 4B1.5(a)(2). . . . . . . . . . . . . . . . . . . . . 12

U.S.S.G. Chapt. 5, Pt. A, comment n.1. . . . . . . . . . . 12

## STATE STATUTES

Ohio Rev. Code, § 2901.22. . . . . . . . . . . . . . . . . . . 25

Ohio Rev. Code § 2901.22(A). . . . . . . . . . . . . . 25, 26

Ohio Rev. Code § 2907.01. . . . . . . . . . . . . . . . . . . 24

Ohio Rev. Code § 2907.01(B). . . . . . . . . . . . . . . . 25, 26

Ohio Rev. Code § 2907.05.. . . . . . . . . . . . . . . 8, 24, 28

Ohio Rev. Code § 2907.05(A)(4). . . . . . . . . . . . . . 26

vi

# United States Court of Appeals

## FOR THE SECOND CIRCUIT
## Docket No. 11-2174

**▬▬▬▬▬▬▬**

UNITED STATES OF AMERICA,
*Appellee,*

v.

FLAY ROOD, aka FLAY B. ROOD,
*Defendant-Appellant.*

**▬▬▬▬▬▬▬▬▬▬▬▬▬**

## BRIEF FOR THE UNITED STATES OF AMERICA

**▬▬▬▬▬▬▬**

## STATEMENT OF THE ISSUE PRESENTED

Whether the district court erred in utilizing a modified categorical approach to determine whether Rood's 1991 conviction under Ohio law for Gross Sexual Imposition qualified as a prior sex conviction under 18 U.S.C. § 3559(e), or clearly erred in determining that the facts underlying Rood's 1991 conviction did so qualify.

## STATEMENT OF THE CASE

On March 25, 2010, a grand jury in the Northern District of New York returned a six-count indictment

against Flay Rood. (Docket No. 15; A 7, 16-21)[1] Counts one to three charged Rood with persuading three separate minors to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251. Count four charged Rood with distributing and attempting to distribute child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Count five charged Rood with receiving child pornography, also in violation of 18 U.S.C. § 2252A(a)(2)(A). Count six charged Rood with attempting to possess, and attempting to access with intent to view, material that contained images of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (A 16-19)

The indictment also included an allegation that Rood had been convicted of the felony offense of Gross Sexual Imposition, in violation of Ohio state law, and that such conviction subjected Rood to enhanced penalties pursuant to 18 U.S.C. §§ 2251(e), 2252A(b)(1) and (b)(2), and 3559(e).[2] (A 19-20) Finally, the indictment included a forfeiture allegation seeking forfeiture of property

---

[1] References to "A" are to the Appendix filed by Rood. The district court docket is included in Rood's Appendix at pp. A 1-14.

[2] The government later filed a "Special Information" reiterating that Rood's Ohio conviction for Gross Sexual Imposition subjected Rood to enhanced penalties. (A 22-23)

2

involved in the offenses alleged in the indictment. (A 20-21)

On July 9, 2010, Rood moved to strike from the indictment the allegation that he had previously been convicted of a sex offense that would subject him to enhanced penalties under § 3559(e). (Docket No. 23; A 8) Although Rood did not contest the fact of the conviction, he argued that the conviction did not meet the statutory definition of a qualifying prior sex conviction that would subject him to the enhanced statutory penalties. (A 32-43)

The government opposed Rood's motion to strike. (A 44-67) The district court, Hurd, *J.*, reserved decision on Rood's motion, calling it premature, but indicated the court would be "amenable to taking a plea with the defendant reserving the right to challenge the applicability of 18 U.S.C. § 3559(e)." (A 77)

On December 22, 2010, without a written plea agreement, Rood entered pleas of guilty to all six counts of the indictment. (Docket No. 28; A 10, 78-109) With the court's consent, Rood reserved his right to appeal the applicability of the enhanced penalty provision in 18 U.S.C. § 3559(e). (A 79-80)[3]

---

[3] The record does not reflect the government's consent to Rood's conditional plea, as required by Fed. R. Crim. P. 11(a)(2). The government does not, however, argue here that it did not so consent.

Rood was sentenced on May 19, 2011. (Docket No. 44; A 12, 141-157) Over Rood's objection, the district court determined that Rood's Ohio conviction for Gross Sexual Imposition qualified as a prior sex conviction resulting in the application of the enhanced penalty provision in § 3559(e). As a result, Rood was sentenced principally to life terms of imprisonment on counts one to three; fifteen-year terms of imprisonment on counts four and five; and a ten-year term of imprisonment on count six; all terms of imprisonment to run concurrently. (Docket No. 44; A 12-13)

Judgment entered on May 26, 2011. (Docket No. 46; A 13, 158-163) Rood filed a timely notice of appeal the following day, May 27. (Docket No. 48; A 13, 164) Rood is currently serving the sentence imposed.

## STATEMENT OF FACTS

## 1. Offense Conduct[4]

In August of 2009, a Utica Police Department investigator conducted an internet search for individuals actively involved in sharing child pornography. As a

---

[4] This statement of offense conduct is obtained from the Probation Office's Presentence Investigation Report ("PSR"). In the district court, Rood objected to information contained within paragraphs 18 and 19 of the report. Those objections were overruled by the district court. (A 143)

4

result, the investigator was able to partially download a video from an IP address associated with Rood. (PSR, par. 12)

On August 31, 2009, law enforcement officials executed a search warrant at Rood's residence in Utica, New York. At that time, Rood admitted he downloaded child pornography from the Internet, and saved the images on his computer. The police then seized Rood's computer and related items. (PSR, par. 13)

An examination of a thumb drive taken from Rood's residence disclosed seventeen pornographic images of prepubescent males that appeared to have been "self-produced."[5] The boys in the images later were identified as a relative of Rood's (V-1), who was seven years old in the single image of him; a neighbor's child that Rood and his wife babysat (V-2), who was two years old in the four images produced of him; and another of Rood's relatives (V-3), who was three years old in the twelve images produced of him. (PSR, par. 14)

The image of Rood's then-seven-year-old relative was produced in 2005. In that image, V-1's pants are pulled down to expose his penis. (PSR, par. 15)

---

[5] In all, seventy videos and one hundred and fourteen still images of child pornography, including prepubescent children and depictions of sadistic or masochistic abuse or other depictions of violence were located on the items seized from Rood's residence. (PSR, par. 21)

The four images of the then-two-year-old neighbor's child were produced on January 9, 2008. In two of those images, V-2 is sitting on Rood's lap with his pants down to expose his penis and buttocks. In the remaining two images, V-2 is standing with his pants down to expose his penis and buttocks. (PSR, par. 16)

The twelve images of Rood's then-three-year-old relative were produced on March 23, 2008. In those images, V-3's erect penis is depicted while V-3 is sitting on Rood's lap. In some of the images, Rood is pulling V-3's clothing aside to expose V-3's penis, and Rood is either grabbing or touching V-3's penis. (PSR, par. 17)

In September 2009, V-3's mother advised the Oneida County Child Advocacy Center that V-3 complained after spending a night at Rood's residence that "Poppy" had touched his "pee-pee" and that it hurt. V-3 also stated at that time that Poppy had touched his penis and his "butt," that it hurt, and that Poppy used his hand. (PSR, par. 18)

V-3's sixteen-year old cousin, who also was related to Rood, stated that Rood routinely forced her to have intercourse with him from the time she was eleven years old to the time she was fifteen years old. She also stated that she observed Rood giving V-3 a "hand job" during

6

which V-3 "was crying and screaming her name." (PSR, par. 19)[6]

## 2. Rood's Motion To Strike Allegation Of Prior Sex Conviction

Rood moved in the district court to strike from the indictment the allegation that he had previously been convicted of a sex offense, and to dismiss the government's special information. (Docket No. 23; A 32-43) According to Rood, his 1991 Ohio State conviction for Gross Sexual Imposition did not meet the definition of a prior sex conviction under 18 U.S.C. § 3559(e).

Rood maintained that the inquiry to determine whether his 1991 conviction qualified as a prior sex conviction was limited to the so-called "categorical approach." That approach was utilized by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), as a means to determine whether a defendant's prior conviction constituted a crime of violence within the meaning of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e). According to Rood, this approach limits the inquiry to an examination of the elements of the prior offense to determine whether it is a qualifying conviction.

---

[6] The PSR does not indicate when V-3's cousin made these allegations, although they also appear to have been made in September 2009. (A 112)

Rood maintained that the elements of his Ohio conviction for Gross Sexual Imposition were not "congruent" or "equivalent" to any of the federal offenses specified in § 3559(e) that would qualify his 1991 conviction as a prior sex conviction within the meaning of that statute. According to Rood, the Ohio statute under which he was convicted did not include a *mens rea* requirement, such that a person could be convicted under the Ohio statute if the "act of touching another [was] done by accident, ignorance, or mistake." (A 40)

By contrast, Rood assumed that 18 U.S.C. § 2241(c) was the only federal statute to which the elements of the Ohio statute under which he was convicted had to be compared, and that § 2241(c) required an intentional touching, and that the defendant acted knowingly. (A 40-41)[7]

Next, Rood argued that his Ohio statute of conviction was over-inclusive because it penalized sexual contact with persons under the age of thirteen, and that § 2241(c) only penalized a sexual act with minors under the age of twelve. (A 42) For all of these reasons, Rood concluded that the elements of his Ohio statute of

---

[7] Notwithstanding this contention, Rood assumed for purposes of argument, but did not concede, that "touching for the purpose of arousal under [the Ohio statute], Section 2907.05, is the same as touching with an intent to arouse under Section 2241(c) and 2246(2)(D) . . . ." (A 41-42)

8

conviction differed from the elements of § 2241(c), and that his Ohio conviction, therefore, did not qualify as a prior sex conviction within the meaning of § 3559(e).

### 3. Government's Opposition to Rood's Motion

In opposition to Rood's motion to strike the prior sex conviction allegation, the government noted that the only question raised by Rood was whether his 1991 conviction meets the definition of a "State sex offense" within the meaning of § 3559(e). (A 55) The government noted that in relevant measure, a state sex offense is defined as one that "consists of conduct that would be a Federal sex offense if, [there had been a basis for exercising federal jurisdiction over the offense]." (A 56)

Although noting that there might be other federal statutes that Rood's 1991 conduct would have violated (A 56, n. 6), the government addressed Rood's contention that his 1991 conviction was not sufficiently analogous to § 2241 to constitute a prior sex conviction within the meaning of § 3559(e). (A 56) In so doing, the government utilized the modified categorical approach, as provided for in *United States v. Walker*, 595 F.3d 441 (2d Cir. 2010). (A 57-58)

Relying on court documents involved in Rood's 1991 prosecution (A 25-31, 67), and on an affidavit from an investigator in the Ohio prosecutor's office that prosecuted Rood in 1991 (A 65-66) to explain those

9

documents, the government argued that Rood's conviction clearly fell within the reach of § 2241.

In response to Rood's contention that there was no *mens rea* requirement in the Ohio statute he was convicted of violating in 1991, the government noted that the Ohio statutes defined sexual contact as touching an erogenous zone of another "*for the purpose* of sexually arousing or gratifying either person." Likewise, the government noted that the Ohio code specified that when a person acts "purposely," he acts with "specific intention" to achieve a particular result. (A 55) The government claimed that Rood's contention that one could violate the Ohio statute by accident, mistake, or ignorance was implausible, and that when one acts with intent, he acts knowingly. (A 59) The government set forth decisions from the Ohio courts that supported its interpretation of the relevant statute. (A 60-62)

In response to Rood's contention that the Ohio statute criminalized engaging in a sexual act with a minor under the age of thirteen, and the federal statute criminalized engaging in sexual act with a minor under the age of twelve, the government relied on the relevant court documents to establish that Rood's 1991 conviction necessarily involved a two-year-old victim. (A 62-63)[8]

---

[8] Rood filed a reply to the government's opposition to his motion. In that reply, Rood reiterated his arguments, and objected to the use of the documents relied upon by the government in applying the modified

## 4. Sentencing Proceedings

### (i) Probation Office Guidelines Calculation and Determination of Statutory Penalties

Following the entry of Rood's conditional plea, the probation office, in accordance with the provisions of U.S.S.G. § 3D1.2, determined that counts one to three, charging Rood with producing child pornography, should not be grouped, since they involved separate victims. By contrast, in accordance with U.S.S.G. § 3D1.2(d), the probation office determined that counts four through six, charging Rood with receipt and possession of child pornography should be grouped. (PSR, par. 29)

Accordingly, the probation office found that the adjusted offense level for counts one and two, relating to V-1 and V-2, respectively, was thirty-eight (PSR, pars. 36, 43); the adjusted offense level for count three, relating to V-3, was determined to be forty. (PSR, par. 51) The adjusted offense level for the group relating to Rood's receipt and possession of child pornography was determined to be forty-five. (PSR, par. 62)

Rood's combined adjusted offense level was found to be forty-eight. (PSR, par. 70) Three levels were subtracted for Rood's early acceptance of responsibility (PSR, pars. 71, 72), for a total offense level of forty-five. (PSR, par. 73)

---

categorical approach. (A 68-75)

11

Although Rood was determined by the probation office to be a Repeat and Dangerous Sex Offender Against Minors within the meaning of U.S.S.G. § 4B1.5, his Guidelines offense level nonetheless remained forty-five. (PSR, par. 74)  In accordance with U.S.S.G. Chapt. 5, Pt. A, comment n.1, which limits a defendant's Guidelines offense level to forty-three, Rood's offense level became forty-three.  (PSR, par. 76)

The probation office found that Rood's criminal history category would have been a II, but U.S.S.G. § 4B1.5(a)(2) resulted in a criminal history category of V because Rood is a repeat and dangerous sex offender. (PSR, par. 90)  With a total offense level of forty-three, and a criminal history category of V, Rood's Guidelines imprisonment range was life.  (PSR, par. 113)

The probation office determined that 18 U.S.C. § 3559(e) required the imposition of a mandatory life term of imprisonment on each of counts one to three.   It likewise determined that each of counts four and five required a statutory minimum term of imprisonment of fifteen years and a maximum term of imprisonment of forty years; and that the statutory maximum term of imprisonment for count six was ten years.  (PSR, par. 112)

**(ii) Sentencing**

In his sentencing memorandum, Rood relied upon his earlier motion in support of his argument that his 1991

12

conviction for Gross Sexual Imposition did not qualify as a prior sex conviction under § 3559(e). (A 111) At the time of sentencing, counsel for Rood reiterated Rood's claim that there was not a *mens rea* requirement in the Ohio statute of conviction, and that the documents relied upon by the government in support of its modified categorical approach were not properly relied upon. (A 146-149)

After hearing from government counsel, the court rejected Rood's contention that the Ohio statute penalizes "accidental touching of a minor." As a result, the court found the Ohio statute to be "the same as the Federal Statute 2251 [sic][9]." (A 151)

Similarly, although not discussing the age of Rood's victim in 1991, the court said that conviction "is a prior conviction with a minor, which a minor is a victim under Section 3559(e)(2)(C)."[10] (A 152) As a result, the court found that the mandatory life term of imprisonment provisions of 18 U.S.C. § 3559(e) were applicable to

---

[9] The district court presumably was referring here to § 2241.

[10] The court's reference to § 3559(e)(2(C), appears to have been made in error, since that subdivision addresses only the timing of a prior conviction. The reference presumably should have been to § 3559(e)(2)(D), which defines "minor" as a person under seventeen years of age.

13

Rood's convictions on the first three counts of the indictment.  (A 152)[11]

Before imposing sentence, the court stated:

Mr. Rood, you pled guilty to six offenses, two involving your [relatives], one involving a neighbor's, ages two, three and seven.  You pled guilty to having voluminous amounts of child pornography in your possession.

Ordinarily, I would be very - - feel very bad about giving anyone a life sentence.  In your case, it is not that difficult.  We must protect children, and you are obviously a severe menace to society, the way you have treated your own relatives.

(A 155)  The court then imposed life terms of imprisonment on counts one through three; fifteen-year terms of imprisonment on counts four and five; and a ten-year term of imprisonment on count six, all to run concurrently.  (A 155)

---

[11]  The court also stated, at that time, "[f]or the record, pursuant to U.S.S.G. 5, a base offense level of forty-three, with a criminal history category five, the guideline range is life imprisonment."  (A 152)

14

## SUMMARY OF ARGUMENT

The district court was correct to use the modified categorical approach to determine whether Rood's 1991 conviction under Ohio state law for Gross Sexual Imposition qualifies as a prior sex conviction within the meaning of 18 U.S.C. § 3559(e). Court records pertinent to that conviction, as explained by an investigator in the Ohio prosecutor's office that prosecuted Rood in 1991, establish that Rood's conviction was based upon Rood rubbing the penis of a two-year old child while he had his own penis in his hand. Had a federal basis for jurisdiction been present, Rood's conduct would have violated 18 U.S.C. § 2241(c) and 18 U.S.C. § 2242(2)(A).

## ARGUMENT

**The District Court Did Not Err In Utilizing A Modified Categorical Approach To Determine Whether Rood's 1991 Conviction Under Ohio Law For Gross Sexual Imposition Qualified As A Prior Sex Conviction Under 18 U.S.C. § 3559(e), And Did Not Clearly Err In Determining That The Facts Underlying Rood's 1991 Conviction Did So Qualify.**

### A. Standard of Review

"The questions of what documents a district court may rely on to determine the nature of a prior conviction

15

and of the scope of a district court's authority to make factual findings are questions of law . . . which [this Court] reviews *de novo*." *United States v. Rosa*, 507 F.3d 142, 151 (2d Cir. 2007) (citing *Shepard v. United States*, 544 U.S. 13, 16 (2005)). The Court applies "clear error review to a district court's factual findings regarding the nature of a prior offense." *United States v. Brown*, 629 F.3d 290, 293 (2d Cir. 2011).

"To the extent a defendant appeals his sentence on grounds not raised in the District Court, [this Court] review[s] for plain error." *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010), *cert. denied*, __U.S.__, 131 S. Ct. 1698 (2011). This Court may, in its discretion, correct such an error only when the defendant has shown that

> (1) there is an "error"; (2) the error is "clear or obvious, rather than subject to reasonable dispute"; (3) the error "affected [his] substantial rights, which in the ordinary case means" it "affected the outcome of the district court proceedings"; and (4) "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Marcus*, __ U.S. __, 130 S. Ct. 2159, 2164 (2010) (quoting *Puckett v. United States*, 556 U.S. 129, __, 129 S. Ct. 1423, 1429 (2009)).

16

**B.  Governing Law**

In *Taylor*, the Court considered what definition of burglary should be applied for purposes of the sentencing enhancement in 18 U.S.C. § 924(e), the Armed Career Criminal Act of 1984, and how courts should determine whether a defendant's prior conviction met that definition.  First, the Court determined that the definition of a generic burglary should apply.  *Id*. at 598.  Second, the Court instructed that courts should look to the statutory definition of the predicate offense to determine whether that offense met the generic definition of burglary.  *Id*. at 600-602.  The Court referred to this approach as a "categorical approach."  *Id*.  Nonetheless, the Court recognized that the

> categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary.  For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.

17

*Id*. at 602.

In *Shepard*, the Court made clear that the procedure outlined in *Taylor* applied with equal force to determining whether prior convictions obtained by plea, rather than by trial, amount to qualifying, predicate, generic burglary convictions. *Shepard,* 544 U.S. at 19. The Court rejected the government's contention that police records could be examined to make this determination. Rather, the Court held that

> enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.

*Id*. at 26.

This Court has described the process of examining judicial records in addition to the elements of a predicate offense as the "modified categorical approach." *See United States v. Walker*, 595 F.3d 441, 443 (2d Cir. 2010). And, the Court has employed this analysis in contexts other than the Armed Career Criminal Act. *Id*.

18

(applying modified categorical approach to determine whether prior conviction was a crime of violence within meaning of U.S.S.G. § 4B1.2(a)).

Some predicate offenses are defined not only by their elements, but by circumstance-specific facts. *See, e.g., Nijhawan v. Holder*, 557 U.S. 29, 129 S. Ct. 2294 (2009). There, the Court examined the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(M)(i), that includes "an offense that . . . involves fraud or deceit *in which the loss to the victim or victims exceeds $10,000*) (emphasis in original). *Id*. at __, 129 S. Ct. 2294, 2297. As the Court explained, "[w]e conclude . . . that the italicized language does not refer to an element of the fraud or deceit crime. Rather it refers to the particular circumstances in which an offender committed a (more broadly defined) fraud or deceit crime on a particular occasion." *Id*. at __, 129 S. Ct. at 2298.

The penalty enhancement provision in 18 U.S.C. § 3559(e) requires that the age of the minor victim in a prior sex conviction be less than seventeen years. 18 U.S.C. § 3559(e)(2)(D). This is a circumstance-specific fact, not a required element of the predicate offense. *United States v Doss*, 630 F.3d 1181 (9th Cir. 2011).

## C. Relevant Statutes

Title 18, United States Code, Section 3559, provides in relevant part:

19

(e) Mandatory life imprisonment for repeated sex offenses against children.--

(1) In general.--A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed.

(2) Definitions.--For the purposes of this subsection--

(A) the term "Federal sex offense" means an offense under . . . 2241 (relating to aggravated sexual abuse), 2242 (relating to sexual abuse), . . . 2251 (relating to sexual exploitation of children) . . .;

(B) the term "State sex offense" means an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense if, to the extent or in the manner specified in the applicable provision of this title--

(i) the offense involved interstate or foreign commerce, or the use of the mails; or

(ii) the conduct occurred in any commonwealth, territory, or possession of

20

the United States, within the special maritime and territorial jurisdiction of the United States, in a Federal prison, on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, or in the Indian country (as defined in section 1151);

(C) the term "prior sex conviction" means a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense;

(D) the term "minor" means an individual who has not attained the age of 17 years; and

(E) the term "state" [means a State of the United States].

18 U.S.C. § 3559(e).

Title 18, United States Code, Section 2241 provides, in relevant part:

(c) With children.--Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or

21

> in a Federal prison, or in any prison,
> institution, or facility in which persons are
> held in custody by direction of or pursuant
> to a contract or agreement with the head of
> any Federal department or agency,
> knowingly engages in a sexual act with
> another person who has not attained the age
> of 12 years . . . or attempts to do so, shall be
> fined under this title and imprisoned for not
> less than 30 years or for life. . . .

18 U.S.C. § 2241(c).

Title 18, United States Code, Section 2242, provides, in relevant part:

> Whoever, in the special maritime and
> territorial jurisdiction of the United States or
> in a Federal prison, or in any prison,
> institution, or facility in which persons are
> held in custody by direction of or pursuant
> to a contract or agreement with the head of
> any Federal department or agency,
> knowingly–
>
>                               \* \* \*
>
> (2) engages in a sexual act with another
> person if that other person is–

(A) incapable of appraising the nature of the conduct;

\* \* \*

or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

18 U.S.C. § 2242(2)(A).

Title 18, United States Code, Section 2246, provides, in relevant part:

As used in this chapter--

\* \* \*

(2) the term "sexual act" means–

\* \* \*

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to . . . arouse or gratify the sexual desire of any person . . . .

18 U.S.C. § 2246(2)(D).

23

Ohio Rev. Code, Section 2907.05, provided in relevant part:

> (A) No person shall have sexual contact with another, not the spouse of the offender. . . when any of the following applies:
>
> * * *
>
> (4) The other person . . . is less than thirteen years of age, whether or not the offender knows the age of that person.
>
> * * *
>
> (C) Whoever violates this section is guilty of gross sexual imposition. . . . [V]iolation of division (A)(4) of this section is a felony of the third degree.

Ohio Rev. Code, § 2907.05.

Ohio Rev. Code §2907.01, provided, in relevant part:

> (B) "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.

24

Ohio Rev. Code § 2907.01(B).

Ohio Rev. Code, § 2901 provided in relevant part:

> A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.

Ohio Rev. Code § 2901.22(A).

## D. Discussion

Contrary to Rood's claim that the "modified categorical approach" should not be utilized to determine whether his 1991 conviction for Gross Sexual Deviation is a prior sex conviction within the meaning of § 3559(e), as set forth above, even the Supreme Court, in describing the "categorical approach," noted it would sometimes be necessary to examine court documents to determine whether a prior conviction qualifies as a predicate offense. *Taylor*, 495 U.S. at 602. The district court did not err, therefore, in utilizing this approach below.

Before the district court, Rood raised two grounds in support of his claim that his 1991 conviction was not a prior sex offense. First, he argued that unlike § 2242(c),

25

which requires a knowing and intentional act, the Ohio statute under which he was convicted in 1991 contained no *mens rea* requirement. (A 40-42) Second, Rood argued that his 1991 conviction did not qualify as a prior sex conviction because the statute under which he was convicted made it unlawful to have sexual contact with a person under thirteen years of age, and the only federal statute that Rood believed the Ohio statute should be compared to, § 2241(c), makes it unlawful to have sexual contact with a person under the age of twelve. (A 42) Rood is incorrect in both contentions.

Rood was convicted in Ohio of having sexual contact with a person under thirteen years of age. Sexual contact is defined, in part, as any touching of an erogenous zone of another *for the purpose of* sexually arousing or gratifying either person. Ohio Rev. Code § 2907.01(B). Under Ohio law, a person acts purposely, "when it is his *specific intention* to cause a certain result . . . ." Ohio Rev. Code § 2901.22(A) (emphasis added). One cannot, therefore, as Rood maintains, be convicted of the crime of Gross Sexual Imposition through an accidental, ignorant, or mistaken touching of a minor.

The Ohio courts agree. In *State v. Dunlap*, 129 Ohio St. 3d 461, 953 N.E.2d 816 (2011), the Supreme Court of Ohio rejected Dunlap's argument that the *mens rea* for violating § 2907.05(A)(4) was recklessness. The court explained:

26

We agree with the state that the *mens rea* of purpose applies to [the definition of sexual contact in] R.C. 2907.01(B), and thus to the sexual-contact element of [the offense of gross sexual imposition in] R.C. 2907.05(A)(4). R.C. 2901.22(A) defines the *mens rea* of purpose:

"A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

Through the definition of sexual contact in R.C. 2907.01(B), gross sexual imposition as described in R.C. 2907.05(A)(4) requires proof of touching "for the *purpose* of sexually arousing or gratifying either person." (Emphasis added.) The statute requires a specific intent behind the touching—the touching must be intended to achieve sexual arousal or gratification. *Since there is a specific intent motivating the touching, it follows that the act of touching must be intentional.*

27

*Dunlap*, 129 Ohio St. 3d at 465, 953 N.E.2d at 819 (emphasis added); *cf. Oouch v. United States Dept. of Homeland Security*, 633 F.3d 119, 125 (2d Cir. 2011) ("Offenses that require no *mens rea* are disfavored, and some indicium of legislative intent for strict liability is generally required before dispensing with *mens rea* as an element") (citations omitted).[12]

To the extent Rood argues that one cannot be convicted of gross sexual imposition, in violation of § 2907.05, unless the victim is less than thirteen years old, whereas § 2241(c) makes it unlawful to have sexual contact with a victim who is less than twelve years old, Rood mistakenly assumes that the age of the victim is a necessary element of the predicate offense.

---

[12]   In light of the clear indication from the Ohio Supreme Court that there is a *mens rea* requirement for conviction of gross sexual imposition, there is no need to consider the far-fetched hypothetical scenarios posited by Rood as bases for conviction under § 2907.05. *See Brief* at 22-23. In any event, the district court was correct to discount these hypotheticals. *Cf. United States v. Johnson*, 616 F.3d 85, 87-88 (2d Cir. 2010), *cert. denied*, *sub nom. Derby v. United States*, __U.S.__, 131 S. Ct. 2858 (2011) (In determining whether a prior conviction is a "violent felony" under the ACCA, the court need not conclude that every conceivable factual scenario must qualify; rather, the court looks at the ordinary case) (citing *James v. United States*, 550 U.S. 192 (2007).

Section 3559(e) provides that a defendant "who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction *in which a minor was the victim* . . . . 18 U.S.C. § 3559(e)(1) (emphasis added). A minor is later defined as "an individual who has not attained the age of 17 years." 18 U.S.C. § 3559(e)(2)(D).

As explained in *Doss*, 630 F.3d 1181, "the clause 'in which a minor was the victim' modifies 'prior sex conviction' but is not necessarily an element *of* that prior offense." *Id.* at 1196 (emphasis in original). As such, the *Doss* court concluded

> The first portion of the sentencing enhancement – whether defendant has a prior "sex offense" conviction – involves the traditional *Taylor* approach and a comparison of generic elements. However, in light of *Nijhawan*, we conclude that Congress intended courts applying § 3559(e) to then look to the specific circumstances of that conviction to determine whether it involved a minor (and whether the defendant's defenses [set forth elsewhere in the statute] might also apply given the particular circumstances of the prior conviction).

*Id.* at 1197.

29

The conclusion in *Doss* also makes sense, since, if Congress intended for the age of the minor victim to be determined by examination of the elements of the predicate offense, there would have been no need to set forth the definition of a minor in the statute. *See* 18 U.S.C. § 3559(e)(2)(D). Here, therefore, the fact that Rood's prior sex conviction included as an element that the victim be less than 13 years of age, does not preclude a finding that such conviction requires the imposition of an enhanced penalty.[13]

Rood also objects to the district court's reliance on the Municipal Court Statement (A 67) to establish the age of his victim. Because a minor is defined by § 3559(e) to be a person less than seventeen years of age, Rood's objection is beside the point. The Bill of Information (A 25), which Rood has not objected to, makes clear that his minor victim was "less than thirteen years of age . . . ." As such, Rood's 1991 conviction for Gross Sexual Imposition satisfies the requirements of § 3559(e), defining a minor as less than seventeen years old, and the district court did not err in imposing life terms of imprisonment on each of counts one to three of the indictment.

---

[13] Judicial fact-finding, beyond the fact of conviction raises concerns under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *See Doss*, 630 F.3d at 1197. Here, however, Rood did not contest the facts set forth in the PSR, thereby alleviating these concerns.

For the first time on appeal, Rood claims that his 1991 conviction does not meet the criteria of § 3359(e) because "sexual contact" within the meaning of the Ohio statute under which he was convicted includes touching of several identified erogenous zones, including genitalia, without specifying whether such touching can be through clothing, whereas, under § 2241, a "sexual act" requires touching of only genitalia not through clothing. *Brief* at 16-18. Because this claim is raised for the first time on appeal, it is reviewed for plain error only.

Here, if there was error, it was not plain. The Municipal Court Statement (A 67) established that Rood "had taken down the pants and under ware [sic] of [his victim] (2 yrs. old), he then rubbed [his victim's] penis while he had his own penis in his hand." (A 67)

As explained in the affidavit of Stan N. Erter, an investigator with the Clark County, Ohio Prosecutor's Office, the Municipal Court Statement "is a document filed with the court as part of the prosecution of a defendant, and forms the factual basis for the criminal prosecution of the defendant, and any ensuing conviction." (A 65) Investigator Erter explained that the Municipal Court Statement "formed the factual basis for the Bill of Information and resulting guilty plea by FLAY ROOD in his 1991 Clark County case." (A 65) As such, this court document establishes that, in fact, Rood touched the genitalia of his minor victim, and such

31

touching was not through the victim's clothing, as required under § 2241.[14]

These facts not only were established through the use of the Municipal Court Statement. These facts were included in the PSR (par. 7) below, and Rood did not object to those facts. Indeed, the district court set forth the factual basis for Rood's 1991 conviction on the record in great detail, and Rood did not contest the court's characterization in any way. (A 145-146) It cannot be said that it was plain error to establish the circumstances underlying Rood's 1991 conviction in this way. *See United States v. Daranda*, 405 Fed. Appx. 834, 839 (5th Cir. 2010), *cert. denied,* __U.S.__, 131 S. Ct. 2166 (2011) (summary order) (finding no plain error warranting the court's notice of the district court's reliance upon undisputed facts in PSR to establish circumstances of predicate offense for purposes of imposing enhanced penalties under § 3559(e)).

Rood is also incorrect in limiting the comparison of his 1991 conviction to the provisions of 18 U.S.C. § 2241(c). It is evident that Rood's 1991 conviction also

---

[14] Rood also claims that his 1991 conviction should be examined to determine whether it is congruent with 18 U.S.C. § 2244(a)(5). However, § 2244(a)(5) is not listed in § 3559(e), and the government makes no claim that a predicate offense that is congruent with § 2244(a)(5) would trigger § 3559(e)'s enhanced penalties.

32

qualifies as a prior sex conviction when compared with the provisions of 18 U.S.C. § 2242(2)(A).

As discussed above, § 2242(2)(A) makes it unlawful to engage in a sexual act with a person who is "incapable of appraising the nature of the conduct." Here, Rood's touching of his victim's genitalia in 1991 constituted a sexual act. *See* § 2246(2)(D). It would seem beyond question that Rood's two-year-old victim would not be capable of appraising the nature of that conduct. For these reasons, as well, Rood's 1991 conviction qualifies as a prior sex conviction in which the victim is a minor, and Rood properly was sentenced to life terms of imprisonment on counts one to three.

33

**CONCLUSION**

The judgment of the district court should be affirmed in all respects.

Dated:  Albany, New York
         January 4, 2012

                         Respectfully submitted,

                         RICHARD S. HARTUNIAN
                         *United States Attorney for the*
                             *Northern District of New York*
                         *Attorney for Appellee*

         By:    /s/ Paul D. Silver                
                PAUL D. SILVER
                *Assistant United States Attorney*

LISA M. FLETCHER
*Assistant United States Attorney*
    *Of Counsel*

34

CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the undersigned counsel for Respondents hereby certifies that this brief complies with the type-volume limitation of Rule 32(a)(7)(B). As measured by the word processing system used to prepare this brief, there are 6,669 words in this brief.

Richard S. Hartunian
*United States Attorney for the*
*Northern District of New York*

By: */s/ Paul D. Silver*

Paul D. Silver
*Assistant United States Attorney*